IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James Oxendine,<br><br>                      Petitioner,<br><br>vs.<br><br>Cecilia Reynolds, Warden<br>Kershaw Correctional Institution,<br><br>                      Respondent. | Civil Action No. 6:09-2965-HFF-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

On April 28, 2010, the respondent filed a motion for summary judgment. By order of this court filed April 29, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On May 10, 2010, the petitioner requested an extension of time of 30 days to respond to the motion for summary judgment. On May 11, 2010, the motion for extension was granted, and the time for response was extended through July 6, 2010. The petitioner did not timely file a response.

On July 15, 2010, this court issued an order giving the plaintiff through August 9, 2010, to respond to the motion for summary judgment. The petitioner was advised that if he failed to respond, this action would be subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and the dismissal would be considered an

adjudication on the merits, i.e., *with prejudice*. The petitioner has filed no response to the motion for summary judgment.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989), *cert. denied,* 493 U.S. 1084 (1990). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the petitioner is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through his neglect, and not that of an attorney, that no response has been filed. The petitioner has not responded to the respondent's motion for summary judgment nor the court's orders advising him of the consequences if he failed to respond. Accordingly, the undersigned concludes the petitioner has abandoned his lawsuit. No other reasonable sanctions are available.

Based upon the foregoing, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b)

                                                 s/Kevin F. McDonald
                                                 United States Magistrate Judge

September 2, 2010

Greenville, South Carolina